IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| TIFFANY HILTON,<br><br>    Plaintiff,<br><br>v.<br><br>ORTHOPAEDIC ASSOCIATES OF<br>AUGUSTA, P.A. and<br>PEAK EMPLOYMENT SOLUTIONS,<br>LLC,<br><br>    Defendants. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Tiffany Hilton ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendants Orthopaedic Associates of Augusta, P.A. ("Defendant Orthopaedic") and Peak Employment Solutions, LLC ("Defendant Peak") (collectively, "Defendants") and shows the Court as follows:

## I.    NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief and damages for Defendants' violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), for subjecting her to wrongful and negligent sexual harassment and retaliation.

## II.   JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

4.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## III.   PARTIES

5.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

6.

Defendant Peak, a staffing company, provided temporary employees, including Plaintiff, to Defendant Orthopaedic.

7.

At all times relevant to this matter, Defendants employed Ms. Hilton.  Ms. Hilton submits herself to the jurisdiction of this Court.

8.

At all times material hereto, Defendants have conducted business within this District.

9.

During all times relevant hereto, Defendant Orthopaedic has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant Orthopaedic is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

10.

Defendant Orthopaedic is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

11.

Defendant Orthopaedic may be served with process by delivering a copy of the summons and complaint to its registered agent, Cecilia M. Bowden, at 811 13th Street, Suite 20, Augusta, GA 30901.

12.

During all times relevant hereto, Defendant Peak has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant Peak is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

13.

Defendant Peak is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

14.

Defendant Peak may be served with process by delivering a copy of the summons and complaint to its registered agent, Mike Frazier, at 1109 Medical Center Drive, Building 7E, Augusta, GA 30909.

15.

Defendant Orthopaedic and Defendant Peak are co-employers, acting as joint employers in either a joint venture capacity and undertaking to execute a common

business purpose with a mutual right of control, integrated enterprise, or were successors in interest.

### IV.  <u>ADMINISTRATIVE PROCEDURES</u>

16.

Plaintiff timely filed a charge of discrimination against each Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 19, 2020.

17.

The EEOC issued a "Notice of Right to Sue" for each Charge of Discrimination on March 31, 2021, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

18.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

### <u>FACTUAL ALLEGATIONS</u>

19.

Plaintiff was employed by the staffing agency, Peak Employment.

20.

On September 23, 2019, Defendant Peak placed Plaintiff in a position working as a Scheduler for Defendant Orthopaedic.

21.

Plaintiff's responsibilities included handling incoming phone calls all day.

22.

Satisfied with her work, Defendant Orthopaedic wanted to hire her as a permanent employee.

23.

On or about December 27, 2019, Plaintiff signed onboarding documentation as a permanent employee.

24.

A few weeks later, Plaintiff told Defendant Orthopaedic and Ms. Riley Daily, Defendant Orthopaedic's office manager and Plaintiff's supervisor, that she was pregnant.

25.

Plaintiff also informed Defendant Orthopaedic and Ms. Daily that she was due to give birth sometime in July 2020.

26.

Prior to telling Ms. Daily that she was pregnant, Plaintiff had heard Ms. Daily make comments about a former co-worker's pregnancy.

27.

Ms. Daily had said she believed the former co-worker's pregnancy made her work less.

28.

Ms. Daily had also told Plaintiff that she was going to try to find a reason to terminate the former co-worker.

29.

Ms. Daily had instructed Plaintiff to tell her if she noticed the former co-worker doing anything that she could use to terminate her.

30.

After Plaintiff told Ms. Daily that she was pregnant, Ms. Daily's demeanor towards her changed.

31.

Ms. Daily told Plaintiff that she was not doing her paperwork correctly, despite it having never been an issue before.

32.

Ms. Daily began giving Plaintiff's work away to another co-worker, who Plaintiff had previously trained.

33.

Plaintiff felt that her position as Team Lead at Defendant Orthopaedic was being diminished.

34.

On or about January 21, 2020, Plaintiff had a doctor's appointment, where she received dates for future appointments and her anticipated delivery.

35.

Plaintiff submitted her time-off requests for her pregnancy-related treatment to Ms. Daily for approval.

36.

Ms. Daily approved her time-off requests for the appointments.

37.

However, on or about January 24, 2020, Plaintiff received a call from Defendant Peak informing her that Defendant Orthopaedic had terminated her contract.

38.

When Plaintiff asked why she was terminated, Defendant Peak told her that they cannot disclose the reason for the termination to her.

39.

Plaintiff was not provided with a reason for termination.

40.

Plaintiff received a separation notice that states the reason for separation as "attendance."

41.

At the time of her termination, Defendant Orthopaedic had not written up or disciplined Plaintiff for attendance or anything else.

42.

Defendants' alleged reason for Plaintiff's termination is pretext for unlawful discrimination based on Plaintiff's gender (pregnancy).

43.

As a result of Defendants unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant, including lost wages and emotional distress.

44.

Defendants had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including her job duties, supervision, and rate of compensation.

45.

Defendants had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including supervision and other human resources functions, and rate of compensation.

46.

Defendants had control and influence over the decision to terminate Plaintiff's employment.

47.

Defendants are liable for violating Title VII by the conduct described herein.

**CLAIM FOR RELIEF**

**COUNT ONE:  PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT**

48.

Plaintiff repeats and re-alleges paragraphs 19-47 as if set forth fully herein.

49.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex.

50.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the

basis of pregnancy, childbirth, or related medical conditions."

51.

At all times relevant, Plaintiff was a member of a protected class.

52.

Plaintiff was qualified to perform her position.

53.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

54.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

55.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her gender.

56.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff

has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

57.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

**COUNT TWO:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

58.

Plaintiff repeats and re-alleges paragraphs 19-47 as if set forth fully herein.

59.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment because of her pregnancy constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

60.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

61.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as

an employee because of her pregnancy.

62.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made victims of acts that have adversely affected her psychological and physical well-being.

63.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT THREE:  RETALIATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

64.

Plaintiff repeats and re-alleges paragraphs 19-47 as if set forth fully herein.

65.

Defendants' actions, as detailed above, in terminating Plaintiff because of her protected activity (requesting leave connected to her pregnancy) constitutes unlawful intentional retaluation in violation of Title VII.

66.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

67.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)     Special damages, back-pay, lost benefits and prejudgment interest thereon;

(b)     Compensatory damages;

(c)     Punitive damages;

(d)     All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(e)     All relief available under Title VII;

(f)     Reasonable attorney's fees and expenses of litigation;

(g)     Trial by jury as to all issues so triable;

(h)     Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(i)     All other relief to which she may be entitled.

Respectfully submitted this 8th day of June, 2021.

[*Signature on following page*]

**BARRETT & FARAHANY**

 /s/ *Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

*Attorney for Plaintiff Tiffany Hilton*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com